UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CYNTHIA GOODWYN,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>ALBERTSON'S, LLC,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:18-cv-01754-GMN-GWF<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: Plaintiff's Motion to Amend Complaint<br>(ECF No. 9) |

　　　This matter is before the Court on Plaintiff's Motion to Amend Complaint (ECF No. 9), filed on December 7, 2018. Defendant filed its Opposition (ECF No. 10) on December 18, 2018. No reply was filed. The Court conducted a hearing in this matter on February 8, 2019. The following Report and Recommendation is issued in accordance with 28 U.S.C. § 636(b)(1).

**BACKGROUND**

　　　This matter arises from an alleged injury sustained by Plaintiff while visiting Defendant's property. The complaint alleges that Plaintiff slipped and fell on a hazardous condition in Defendant Albertsons' supermarket caused by the negligence of Defendant's employees. The complaint does not identify the specific hazard on which Plaintiff slipped or identify the employees who were negligent. As set forth in the proposed amended complaint, however, Plaintiff allegedly slipped on water from melting ice that fell on the floor in front of a freezer containing bags of ice. The action was originally filed in the Eighth Judicial District Court, Clark County, Nevada. It was subsequently removed to federal court by the Defendant. *Petition for Removal* (ECF No. 1). On September 20, 2018, the Court entered a scheduling order which requires all discovery be completed by March 9, 2019. ECF No. 6.

Plaintiff asserts that after Defendant Albertsons filed its answer, she discovered that the "ice machine"[1] was not owned by Defendant Albertsons, but is instead owned by Reddy Ice Corporation. Plaintiff asserts that she also discovered the name of Albertsons' employee who allegedly failed to protect her against the hazardous condition created by melting ice. Plaintiff's proposed amended complaint, therefore, seeks to add Albertsons employee Jerome Pepmuller and Reddy Ice Corporation as Defendants. Defendant argues that Plaintiff should not be permitted to add the either Mr. Pepmuller or Reddy Ice as defendants because their joinder would destroy diversity of citizenship jurisdiction and require that this case to be remanded to state court. *Opposition* (ECF No. 10).

## **DISCUSSION**

Rule 15(a)(2) of the Federal Rules of Civil Procedures provides that the court may grant a party leave to amend its pleading which should be freely granted when justice so requires. "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Leave to amend may be denied because of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, or futility of amendment. *Id.* at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 183 S.Ct. 227 (1962)).

Because Plaintiff seeks to add defendants who are domiciled in Nevada, and whose joinder would destroy diversity of citizenship, the Court is required to consider 28 U.S.C. § 1447(e) which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." In deciding whether to permit or deny joinder, the court must balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. *Andreasen v. Progressive Express Ins. Co.*,

---

[1] The equipment at issue is not actually an "ice machine" as commonly understood. It is a freezer in which bags of ice are stored for sale to customers.

2

276 F. Supp. 3d 1317, 1324 (S.D. Fla. 2017) (citing *Small v. Ford Motor Co.*, 923 F. Supp. 2d 1354, 1357) (S.D. Fla. 2013)).

In *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999), the court stated that the following factors should be considered in applying § 1447(e):  (1) Whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been an unexplained delay in seeking the joinder; (4) whether the joinder is solely for purposes of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid.  Defendant's argument against permitting joinder is primarily based on the fourth factor; that Plaintiff seeks to add Mr. Pepmuller and Reddy Ice as defendants in order to defeat jurisdiction and cause this case to be remanded to state court.

Analyzing the factors set forth in *Clinco*, the Court finds that Mr. Pepmuller is not a required party under Fed.R.Civ.P. 19(a).  Mr. Pepmuller was employed by Defendant Albertsons and was allegedly acting within the scope of his employment at the time of the accident. Defendant Albertsons is therefore liable for Mr. Pepmuller's negligence under the doctrine of *respondeat superior* regardless of whether he is sued as a defendant.  Plaintiff allegedly did not obtain Mr. Pepmuller's identity until Defendant Albertson served its initial disclosures on September 24, 2018, two weeks after the action was removed to federal court.  Plaintiff waited over two months thereafter before she filed the motion to amend the complaint.  Because Plaintiff arguably did not know Mr. Pepmuller's identity until after the action was removed, the third factor does not weigh strongly in favor of granting or denying the motion to amend. Plaintiff's claim against Mr. Pepmuller appears reasonably valid to the extent she can prove that he was aware of the water hazard and failed to timely take preventive action before Plaintiff slipped and fell.  Based on all of the factors, and particularly in view of the fact that Defendant Albertsons is liable for Mr. Pepmuller's alleged negligence, it appears that Plaintiff  purpose in moving to add Mr. Pepmuller as a defendant is to defeat federal diversity of citizenship jurisdiction and cause this case to be remanded to state court.

3

Analysis of the *Clinco* factors with respect to Reddy Ice Corporation is similar. Reddy Ice is not a required party under Rule 19(a) since the Court can accord complete relief to Plaintiff against Defendant Albertson's even if Reddy Ice is not a party. The statute of limitation has not expired with respect to Plaintiff's negligence claim against Reddy Ice. Plaintiff's negligence claim against Reddy Ice is premised on the hazardous condition created by ice that fell outside the Reddy Ice freezer and melted. While this does not appear to be a particularly strong claim, it is perhaps a potentially viable claim. That said, Reddy Ice's alleged negligence is not so strong or inherently connected Plaintiff's claim against Albertson as to justify adding Reddy Ice as defendant and then remand this case back to state court.

The Court concludes that Plaintiff's motion to add Jerome Pepmuller and Reddy Ice as defendants was brought for purpose of destroying federal diversity jurisdiction and causing this case remanded back to state court. Accordingly,

### **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Plaintiffs' Motion for Leave to File Amend Complaint (ECF No. 9) be **denied**.

Dated this 20th day of February, 2019.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE