# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Cynthia Goodwyn,

    Plaintiff

v.

Albertson's LLC dba Albertsons,

    Defendant

Case No. 2:18-cv-01754-JAD-GWF

**Order Overruling
Objections to Report & Recommendation
and Denying Leave to Amend**

[ECF Nos. 9, 20, 21]

Cynthia Goodwyn filed this now-removed personal-injury action after she slipped and fell in a puddle of water near the Reddy Ice freezer in her North Las Vegas Albertson's store in April 2018.[1] Discovery revealed the identity of the last Albertson's employee to remove bags of ice from the freezer before Goodwyn's fall and the fact that the freezer is owned by Reddy Ice, and two days before the deadline to seek leave to amend, Goodwyn filed a motion to add claims against these diversity-destroying defendants.[2] Magistrate Judge George Foley, Jr. recommends that I deny that motion because amendment would force this case to be remanded back to state court.[3] Plaintiff objects, arguing that she had a valid basis to timely seek to add these defendants and that liberal amendment to allow all of these claims to proceed in a single case best serves the interests of justice.[4] After a de novo review, I find that the magistrate judge's evaluation of the

---

[1] ECF No. 1-1.
[2] ECF No. 9.
[3] ECF No. 20.
[4] ECF No. 21.

motion was proper, independently reach the same conclusions, overrule Goodwyn's objections, and deny her motion for leave to amend.

## History of this Dispute

Two days before the deadline for seeking leave to amend expired, Goodwyn moved to amend her complaint to add two defendants: ice-freezer owner Reddy Ice; and Albertson's employee Jerome Pepmueller, whom Goodwyn alleges caused loose ice from the freezer to fall to the floor while he was loading bags of ice from the freezer into another customer's cart.[5] She argues that she learned the facts to support claims against these defendants during discovery on December 4, 2018, so her leave motion three days later was brought without undue delay, and it should be granted under Rule 15's liberal amendment policy.

Albertson's opposes the leave request.[6] It points out that adding either defendant will destroy diversity (which is the basis for removal jurisdiction here) as both are Nevada citizens,[7] so amendment must be evaluated under 28 U.S.C. § 1447(e), and not just the liberal amendment policy of Rule 15(a). Albertson's notes that Goodwyn's motion ignores this heightened standard, and it argues that the timing of her leave request and failure to show a need to join these defendants indicates that she is only seeking amendment to defeat federal jurisdiction.

Magistrate Judge Foley heard oral argument[8] on Goodwyn's motion and recommends that I deny it. He properly took into consideration § 1447(e) and found that Goodwyn's "motion to add Jerome Pepmueller and Reddy Ice as defendants was brought for purpose of destroying

---

[5] ECF No. 9.

[6] ECF No. 10.

[7] *Id.*

[8] ECF No. 19 (minutes). I reviewed the audio recording of this hearing and find that no further hearing is necessary.

federal diversity jurisdiction and causing this case [to be] remanded back to state court."[9] So he recommends that I deny the motion. Goodwyn objects, arguing that she promptly moved for leave immediately after learning the facts that underlie her need to add these defendants and that incorporating these defendants into a single case will foster judicial economy.[10] Albertson's responds that the magistrate judge was right to see (1) the needlessness of suing Pepmueller when he was acting within the scope of his employment with target defendant Albertson's and (2) the weakness of Goodwyn's claim against Reddy Ice.[11]

## De Novo Review of Report and Recommendation

When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations.[12] The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions."[13]

Having reviewed the magistrate judge's report and recommendation de novo, I conclude that he reached the right result here, and I adopt it. Both Goodwyn's original motion and her objections rely exclusively on the liberal standard for evaluating amendment requests generally, completely ignoring the higher scrutiny required for a diversity-destroying amendment like this

---

[9] ECF No. 20 at 4.
[10] ECF No. 21.
[11] ECF No. 22.
[12] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b).
[13] 28 U.S.C. § 636(b)(1).

3

one.[14]  District courts in this circuit consider six factors when determining whether to permit joinder of non-diverse defendants after removal:

> (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.[15]

As the magistrate judge properly concluded, these factors weigh against permitting Goodwyn to join Pepmueller and Reddy Ice as defendants in this case.  One of the weightiest factors here is the questionable validity of the claims against these defendants.  Based on the allegations in Goodwyn's proposed amended complaint, Pepmueller is merely an Albertson's employee who "made an inadequate attempt to remove loose ice from the floor in front of the ice machine" after he accidentally dropped some while "loading bags of ice into the shopping cart" of another customer.[16]  There are no facts to suggest that this low-level grocery-store employee was not acting within the course and scope of his employment, so Albertson's would be responsible for his actions under the doctrine of *respondeat superior*.  And Goodwyn even alleges that he "was acting within the course and scope of his employment . . . ."[17]  As there are no facts in this case that would even suggest that any claim against Pepmueller in his individual

---

[14] *See* ECF No. 9 at 4–5; ECF No. 21 at 7.  *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087 (C.D. Cal. 1999) ("To apply the permissive standard of Rule 15(a) in this situation would allow a plaintiff to improperly manipulate the forum of an action, a result that is quite different from the policies of Rule 15(a) and contrary to other policies that apply in this context.").

[15] *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000).

[16] ECF No. 9-1 at 6.

[17] *Id*.

capacity would add a viable pocket of recovery for Goodwyn, it appears that the only reason to name him as a defendant would be to undermine diversity and send this case back to state court. So, it is unlikely that denial of joinder would prejudice Goodwyn. These factors outweigh all of the others and counsel against permitting Goodwyn to add Pepmueller as a defendant.

The same is true of Reddy Ice. Goodwyn's proposed claim against this ice-freezer owner is based on the bald allegations that the machine "was improperly maintained, which caused loose ice to be present inside the ice machine, which became attached to the bag of ice stored inside the ice machine," and that "there were no absorbent mats placed on the floor in front of the Reddy Ice machine [that] could have made the loose ice on the floor more readily apparent, could have absorbed the water from the melted ice, and [ ] could have provided traction," preventing Goodwyn's fall.[18] As the allegations and theories against Albertson's are similar, the court can accord complete relief to Goodwyn against Albertson's even if Reddy Ice is not a party. And if Goodwyn truly believes that she needs to proceed against Reddy Ice, she can file a separate action in state court because the statute of limitations has not yet run, mitigating any prejudice from disallowing amendment.

Having carefully reviewed the magistrate judge's report and recommendation and considered each of the plaintiff's objections to it, I conclude that the requested diversity-destroying joinder of these additional defendants should not be permitted. Accordingly,

IT IS HEREBY ORDERED that the plaintiff's objection to report and recommendation **[ECF No. 21] is OVERRULED**;

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation **[ECF No. 20] is ADOPTED** in full; and

---

[18] *Id.* at 5.

IT IS FURTHER ORDERED that the motion to amend complaint **[ECF No. 9] is DENIED.**

Dated: May 21, 2019

_____
U.S. District Judge Jennifer A. Dorsey