UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CYNTHIA GOODWYN,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS LLC, doing business as Albertsons; DOES I-XV, inclusive; and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 2:18-cv-1754-JAC-EJY<br><br>**ORDER** |

Before the Court is Defendant's Motion to Strike Plaintiff's Non-Retained Experts. ECF No. 53. The Court has considered Defendant's Motion, Plaintiff's Opposition (ECF No. 57), and Defendant's Reply (ECF No. 58).

**I.   Background**

On August 11, 2020, Plaintiff served a First Supplement to her Expert Witness Designations in which she disclosed 18 non-retained experts. ECF No. 53-8. Each witness is followed by a single paragraph that identifies the date on which Plaintiff first saw the health care provider identified; the location or associated office at which Plaintiff saw the provider; and, with the exception of one provider, that the provider is "expected to testify concerning" his or her "examination, tests, treatment, and recommendations regarding Plaintiff." *Id*. The same paragraph, for 16 of the disclosed providers, states that he/she will "testify consistent with the medical records" as to Plaintiff's diagnosis. *Id*. One health care provider is stated to testify to "his clinical impressions" regarding Plaintiff's ailments. *Id*. Seventeen of the non-retained expert health care providers disclosed are also identified as expected to "testify that the subject incident caused Plaintiff's injuries and that the treatment provided was reasonable and necessary." *Id*. The diagnoses are included for seventeen of the providers, with specific recommendations for apparent future treatment identified in only four of the disclosures. *Id*. One non-retained expert is an OB/GYN who states Plaintiff's treatment has been delayed because of her other medical conditions; and, one provider is a physical

1

therapist who indicates he "implemented an 8-week plan for Plaintiff to address her physical issues." *Id*.

Defendant argues that each of these disclosures is inadequate for a number of reasons. First, Defendant states Plaintiff's disclosures fail to meet the requirements of Fed. R. Civ. P. 26(a)(2)(C) because, while opinions formed during the course of treatment need not meet the written report requirement of Rule 26(a)(2)(B), the same is not true for opinions formed as the result of reviewing outside materials. ECF No. 53 at 6. Second, Defendant argues that to the extent the non-retained experts are exempt from report writing, they must not only disclose the subject matter on which they will testify, but must also provide a summary of facts and opinions they intend to offer. Defendant states that Plaintiff failed to "disclose 'a summary of facts and opinions'" to which the non-retained experts are expected to testify and, as such, the disclosure are "insufficient to comply with the … requirements of Rule 26(a)(2)(C)." *Id*. at 7. Third, Defendant argues that Plaintiff's failure to comply with the requirements of Rule 26(a)(2)(C) is neither substantially justified nor harmless. Defendant points out that this case has been pending for almost two and one-half years, discovery has been extended eight times, and that Defendant is hampered in its "ability to properly defend itself at trial" given Plaintiff claims over $700,000 in medical damages that the non-retained medical expert disclosures fail to support through a summary of facts or opinions, which, in turn, is prejudicial to Defendant. *Id*. at 11.

In Opposition, Plaintiff states Defendant initially noticed the deposition of five of the 18 non-retained experts, but then unilaterally cancelled these depositions one month later. ECF No. 57 at 3. Plaintiff also explains that Defendant took the deposition of one non-retained expert, Dr. Khavkin, on October 1, 2020. *Id*. Plaintiff argues that Defendant did not seek clarification of each non-retained expert's facts and opinions; the decision to cancel the depositions of five non-retained experts was strategic and clearly in preparation for the motion to strike; that the summaries provided identify the subject matters on which each expert will testify; requiring anything more would be tantamount to requiring the non-retained experts to comply with Rule 26(a)(2)(B); and, the disclosures are non-prejudicial. *Id*. at 5-7. Plaintiff also argues she can cure any prejudice about which Defendant complains. *Id*. at 7. Plaintiff explains that no trial date has been set in this case, it

2

was not until she received Defendant's Motion to Strike that she knew of any concern regarding deficiencies, and her efforts to disclose were made in good faith. *Id*. at 7-8.

In Reply, Defendant takes issue with Plaintiff's contention that any further disclosure by the non-retained experts would result in subjecting them to Rule 26(a)(2)(B) requirements. ECF No. 58 at 2. Defendant points out for those who did make recommendations regarding future treatment, those recommendations are "mere descriptions" and not supported by a summary of facts on which the recommendations were made. *Id*. at 4. Defendant further argues that there is no disclosure of facts on which the non-retained experts opined that the treatment provided was reasonable and necessary. *Id*. Defendant concludes that courts repeatedly reject as insufficient the non-retained medical expert disclosure stating a health care provider "will testify consistent with information contained in the medical records." *Id*.

With respect to Defendant's failure to seek clarification, Defendant argues it is not its burden to do so. *Id*. at 5, 7. Defendant provides no legal support for this contention, but does point to case law stating Defendant is not required to shift through medical records to determine to what Plaintiff's experts will testify. *Id*. at 6. As to justification and harmlessness, Defendant argues insufficient disclosures are in and of themselves harmful. *Id*. at 7-8. Defendant reiterates that Plaintiff's damages claim, of over $700,000, renders the harm especially prejudicial. *Id*. at 8.

**II.     Discussion**

    A.     <u>The Law</u>

Rule 26 of the Federal Rules of Civil Procedure "requires the parties to disclose the identities of each expert and, for retained experts, requires that the disclosure includes the experts' written reports." *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citing Fed. R. Civ. P. 26(a)(2)). However, in 2010, Federal Rule of Civil Procedure 26 was amended to add Rule 26(a)(2)(C) pertaining to the disclosure requirement for non-retained experts—those not required to provide a written report. This section of Rule 26 requires non-retained experts to provide a disclosure that includes "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). This Rule was "added to

mandate summary disclosures of the opinions to be offered by the expert . . . and . . . the facts supporting those opinions." *Flonnes v. Property & Cas. Ins. Co. of Hartford*, Case No. 2:12-cv-01065, 2013 WL 2285224, at *2 (D. Nev. May 22, 2013) (citation and internal quote marks omitted). As explained in *Flonnes*, "a summary is ordinarily understood to be an abstract, abridgement, or compendium." *Id*. at *3 (citation omitted).

Rule 37(1) of the Federal Rules of Civil Procedure holds that when a party fails to comply with the disclosure requirements of Rule 26(a), that party is not entitled to use the undisclosed information at trial. However, there are two recognized exceptions to Rule 37(c)(1) harsh exclusion requirements. *Id*.; *R & O Const. Co. v. Rox Pro Intern. Group, Ltd.*, Case No. 2:09-cv-01749, 2011 WL 2923703, at *3 (D. Nev. July 18, 2011). If a party who violates Rule 26(a)(2)(c) is able to demonstrate her failure was substantially justified or harmless, then otherwise excludable evidence may be admitted. *R & O Const. Co.*, 2011 WL 2923703, at *3 (citations omitted). The Court recognizes several factors to be considered when deciding whether a violation of disclosure rules is substantially justified or harmless. *Flonnes*, 2013 WL 2285224, at *6. These include "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Id*. (citation omitted).

B.     Plaintiff's Disclosures

With the exception of the physical therapist, Plaintiff's non-retained expert disclosures clearly identify the diagnoses to which each health care provider intends to testify, and that such testimony is based on the "examinations, tests [and] treatment" provided by that health care provider. ECF No. 53-8. The disclosures go on to state, without any detail, that each non-retained expert will testify that the slip and fall at issue caused Plaintiff's injuries for which treatment was provided, and that all treatment provided was reasonable and necessary. *Id*. Unfortunately, these two statements are wholly unsupported by any summary of facts and do not fully identify the actual opinions to be offered. *Id*. Hence, while disclosed medical records likely provide appropriate information on diagnoses, and the same documentation would also likely provide appropriate information on examinations, tests, and treatment such that each of these health care providers could testify as a

percipient witness, Plaintiff's disclosure is noncompliant with respect to establishing each provider's status as non-retained experts for purposes of causation and necessary-reasonable medical treatment. *Alfaro v. D. Las Vegas Inc.*, Case No. 2-15-cv-02190-MMD-PAL, 2016 WL 4473421, at *11 (D. Nev. Aug. 24, 2016) ("A treating physician is still a percipient witness of the treatment rendered and may testify as a fact witness and also provide expert testimony under Federal Evidence Rules 702, 703, and 705. However, with respect to expert opinions offered, a Rule 26(a)(2)(C) disclosure is now required.").

As explained in well settled law, Plaintiff's non-retained expert disclosures are wholly inadequate to allow any of these health care providers to testify in the capacity as an expert. The disclosures do not support allowing the providers to testify to anything other than their individual, respective diagnoses, examinations, tests, and treatment provided to Plaintiff. *Langermann v. Property & Cas. Ins. Co. of Hartford*, Case No. 2:14-cv-00982-RCJ-PAL, 2015 WL 4724512 (D. Nev. Aug. 10. 20145). "'[W]hen a treating physician is transformed into an expert offering testimony on matters beyond the treatment rendered for purposes of Rule 26 disclosures,' a report is required." *Id*. at *3 citing Goodman v. Staples, The Office Superstore*, 644 F.3d 817, 825-26 (9th Cir. 2011). Here, a review of Plaintiff's non-retained expert disclosure shows that Plaintiff offers nothing to support the basis for the challenged non-retained experts' causation determination. *See* ECF Nos. 53-8 and 57. Likewise, Plaintiff provides nothing other than conclusory statements that each non-retained expert will testify that Plaintiff's treatment was reasonable and necessary. *Id*. These conclusory statements do not meet the requirements of Rule 26(a)(2)(C). *Langermann*, 2015 WL 4724512, at *5 ("Plaintiff's boilerplate conclusory description of their anticipated testimony is woefully inadequate.").

A review of the *Alfaro* decision, issued by the District of Nevada, shows the evolution of the extent to which a treating physician's testimony falls in the category of percipient witness or expert witness. *Alfaro*, 2016 WL 4473421, at **7-9. After a thorough review of this history, the court in *Alfaro* concluded that the Ninth Circuit holds that "expert reports are required when a treating provider is used to render opinions that are not reached during the course of treatment." *Id*. at *9. This rule applies "even as to causation" such that if the opinion was formed during the course of

providing treatment the testimony *may* be admissible. *Id*. (citing *Lutrell v. Novartis Pharmaceuticals Corp.*, 894 F.Supp.2d 1324, 1333 (E.D. Wash. 2012). Importantly. the court in *Alfaro* distinguished the decision in *United States v. Urena*, 659 F.3d 903 (9th Cir. 2011), as not based on the Federal Rules of Civil Procedure. *Id*. at *10.

In this case, however, Plaintiff seeks to offer 18 treating health care providers to opine on causation without providing any information as to whether the basis for the causation opinions was the providers' respective treatment of Plaintiff, rendered at the request of counsel for purposes of litigation or otherwise based on outside materials. ECF Nos. 53-8, 57. Without this information, the Court is left to guess at the source of a causation conclusion and whether that source falls within or outside the requirements of Rule 26(a)(2)(B).

Nonetheless, it is undisputed that Defendant received Plaintiff's non-retained expert disclosures just shy of two months before the close of discovery. There is also no dispute that Defendant filed its Motion to Strike without contacting Plaintiff to express concern regarding the insufficient disclosures.[1] Still, the Court agrees that it is Plaintiff's burden to know and follow the Rules of Civil Procedure. The Rule requiring non-retained experts is not a new one with which Plaintiff could reasonably be said to be unfamiliar. In sum, it was Plaintiff's duty to fulfill the requirement of Federal Rule of Civil Procedure 26(a)(2)(C), and she failed to do so. While, Defendant does not argue any bad faith, and the Court finds none, the disclosure of 18 non-retained experts is excessive. *Alfaro*, 2016 WL 4473421, at * 11. Fundamentally, Plaintiff did not comply with Rule 26(a)(2)(C).

---

[1] The Court is concerned that this is the second time Albertson's has waited until the close of discovery, after receiving what it believes to be insufficient non-retained expert disclosures, to bring a motion to strike without making any effort whatsoever to notify Plaintiff of her failure to meet the requirements of Rule 26(a)(2)(C). *See Hansen v. Albertson's*, Case No. 2:19-cv-02050-JAD-EJY, ECF Nos. 16, 23, and 28. The Local Rules of Civil Practice make clear that the Court can and should anticipate advocacy that does not extricate cooperative use of the Rules. United States District Court for the District of Nevada Local Rule LR 1-1; *see also Siriano v. Goodman Manufacturing Company, L.P.*, Case No. 2:14-cv-1131, 2015 WL 8259548, at *7 (S.D. Ohio 2015) ("The revision makes clear that the parties and the courts have an obligation to cooperate to the extent possible to achieve the goals set out in the Rule. As the Committee Note to the Rule observes, '[e]ffective advocacy is consistent with—and indeed depends upon—cooperative and proportional use of procedure'") (citing Fed. R. Civ. P. 1 Advisory Committee's note to 2015 Amendment).

      C.      The Appropriate Sanction Under Rule 37(1)

Based on the above, the Court considers whether striking all 18 non-retained health care providers is the appropriate sanction under Rule 37(c)(1). If no testimony on causation is offered, this could be fatal to Plaintiff's negligence claims. On the other hand, allowing 18 health care providers to offer such testimony at this juncture would be overwhelmingly prejudicial to Defendant. Further, the Court notes that while Plaintiff and Defendant have each moved for partial summary judgment, ECF Nos. 50 and 54, neither motion seeks summary judgment on Plaintiff's pure negligence claim.

Considering whether there is justification for Plaintiff's failure, the Court can find none. The law regarding what is required and what is insufficient under Rule 26(a)(2)(B) is very well developed and easily found. Plaintiff states her disclosure is adequate citing to only one of the 18 disclosures. ECF No. 57 at 6. This disclosure is by far the most detailed, and yet this disclosure offers no summary of facts to support a causation determination or that treatment was reasonable and necessary. ECF No. 53-8 at 8:17-25. The Court also finds that Plaintiff's failure was not harmless given Plaintiff's substantial damages claim and apparent dependence on these 18 health care providers as witnesses to support that claim. Plaintiff was given no opportunity to cure by Defendant, but the Rule does not require Defendant to do so. Instead, the question is whether an opportunity to cure at this juncture should be granted. *Langermann*, 2015 WL 4724512, at *5.

Reopening discovery to prevent unfair surprise and prejudice for 18 non-retained experts will obviously result in substantial additional costs to Defendant. This will also cause substantial delay, and may result in future motion practice regarding these experts. As stated in *Langermann*, "[c]ourt's enter case management orders to control congested dockets and insure the expeditious and sound management of cases to get them to trial in a reasonable period of time." *Id*. However, this is a negligence case and, because the preclusion of testimony regarding causation would likely bring an end to Plaintiff's negligence claims, "the Ninth Circuit requires the court to consider (1) whether the claimed noncompliance involved willfulness, fault, or bad faith; and (2) the availability of lesser sanctions." *Alfaro*, 2016 WL 4473421 at *16 citing *R&R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012). As stated above, the Court finds no evidence of bad faith. There is also

no discussion by Defendant in its Motion of Plaintiff's fault or willfulness. ECF No. 55 at 11-12. And, unlike the plaintiff in *Alfaro*, Plaintiff seeks an opportunity to cure. ECF No. 57 at 7.

Given all of the above, the Court finds a less severe sanction "crafted to avoid the harsh sanction of precluding all of the plaintiffs' non-retained treating physicians from testifying" to causation, which would potentially result in dismissal of Plaintiff's negligence claims, is appropriate. *Alfaro*, 2016 WL 4473421, at *16 *citing Pineda v. City & Cnty. of S.F.*, 280 F.R.D. 517, 523 (N.D. Cal. 2012). The specifics of this lesser sanction is below.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Strike Plaintiff's Non-Retained Experts (ECF No. 53) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant's Motion to Strike is DENIED to the extent it seeks to prevent the 18 health care providers from testifying as percipient witnesses with regard to their personal knowledge of Plaintiff's alleged injuries arising from their respective individual tests, examinations, and treatments. Such providers may also testify as percipient witnesses to the necessity and reasonableness of the tests and treatment he/she provided.

IT IS FURTHER ORDERED that no disclosed witness shall provide expert testimony regarding the necessity or reasonableness of medical treatment.

IT IS FURTHER ORDERED that each of the four providers who disclosed specific recommendations (Drs. Tariq, Salinas, Mahajan, and Cirella) may testify to his recommendations for future treatment; however, only so long as the recommendations arise from that examiners' tests, examinations, and treatment of Plaintiff.

IT IS FURTHER ORDERED that Defendant's Motion to Strike is DENIED to the extent it seeks to preclude *all* 18 non-retained experts from testifying to the cause of Plaintiff's injuries.

IT IS FURTHER ORDEED that Plaintiff shall select three (3) disclosed non-retained health care provider experts who shall amend their respective disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(C) to specify their individual opinions and a summary of *all* facts supporting their opinions regarding causation of Plaintiff's injury.

8

IT IS FURTHER ORDERED that if any or all of the three providers so designated base their opinions on materials outside their respective tests, examinations, and treatment of Plaintiff, such provider *must* prepare a traditional expert report compliant with Rule 26(a)(2)(B).

IT IS FURTHER ORDERED that any supplement to Plaintiff's Rule 26(a)(2)(C) report and/or any expert report pursuant to Rule 26(a)(2)(B) must be made within 30 days of the date of this Order.

IT IS FURTHER ORDERED that Defendant's Motion to Strike is GRANTED to the extent that the fifteen (15) health care providers who are *not* selected to provide causation opinions may *not* offer any such testimony going forward in this case including, but not limited to, at trial.

IT IS FURTHER ORDERED that the discovery period is reopened for a period of 90 days for the following limited purposes:

- The deposition of the three (or any subset thereof) health care provider designated to offer causation testimony, for whom compliant disclosures are made, which must occur within 60 days of the date of this Order;
- Plaintiff to pay the costs of deposition appearance, noticed by Defendant, for any of the three health care provider who offer causation testimony;
- Defendant to retain, if Defendant chooses to do so, a rebuttal expert on causation and disclose the expert compliant with Fed. R. Civ. P. 26(a)(2)(B) no later than 90 days from the date of this Order; and,
- Plaintiff to pay the cost of deposition appearance for any rebuttal expert on causation Defendant designates pursuant to this Order.

Dated this 2nd day of March, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE